UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                                                                  Chapter 7

LUDWIN R. SANCHEZ                                                      Case No. 8-19-74698-LAS

                                                    *Debtor*
------------------------------------------------------------------X
                                                                                        Adversary Proceeding
                                                                                        No.
JANE DOE

                                                                                        COMPLAINT TO DETERMINE
                                            *Plaintiff*,                          DISCHARGEABILITY OF
          -against-                                                               DEBT PURSUANT TO 11 U.S.C.
                                                                                        § 523(a)(6)
LUDWIN R. SANCHEZ a/k/a ROBERTO SANCHEZ,

                                                    *Defendant*.

------------------------------------------------------------------X

Plaintiff, through her counsel, complaining of the above-named defendant, brings this Adversary Proceeding pursuant to 11 U.S.C. § 523(a)(6) seeking an order determining that any judgment obtained by Plaintiff against Defendant LUDWIN R. SANCHEZ a/k/a ROBERTO SANCHEZ is excepted from discharge, respectfully alleges, the following:

**THE PARTIES**

1. Plaintiff JANE DOE, a pseudonym for a natural person, was an infant at the time of the occurrences that are the subject of this action (the "infant plaintiff").

2. Plaintiff JANE DOE's actual name and identity are known to the defendant to the action.

3. Plaintiff JANE DOE is a resident of the city of Morgantown, County of Monongalia and State of West Virginia.

4. Defendant LUDWIN R. SANCHEZ A/K/A ROBERTO SANCHEZ (hereinafter "SANCHEZ") is a natural person who resides in Islip, County of Suffolk, New York.

## JURISDICTION AND VENUE

5. This court has original jurisdiction pursuant to 28 U.S.C. § 157 and 1334, and 11 U.S.C. § 523(a)(6). This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 57(b)(2)(I).

6. Venue is properly placed in this District under 28 U.S.C. § 1391(b).

7. This court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1367(a).

8. This Adversary Proceeding relates to In re: LUDWIN R. SANCHEZ, No: 8-19-74698-LAS, (the "Bankruptcy Case") now pending in this Court. Plaintiff holds general unsecured claims against the Debtor pursuant to a case pending before the United States District Court for the Eastern District of New York, under civil action number 15-CV-3620 (a copy of the Complaint dated June 5, 2015 is annexed hereto as Exhibit 1), and assigned Magistrate Judge Anne Y. Shields and Judge Joseph F. Bianco (the "Pending Case") asserting claims of Assault, Battery, Wrongful Detention, among other claims.

9. At the time of the filing of the above civil action, the Plaintiff JANE DOE was both a minor and a resident of the town of Islip, County of Suffolk and State of New York.

## DEBTOR'S CONDUCT
## GAVE RISE TO THE NONDISCHARGEABLE DEBT

10. Said underlying action, filed on June 22, 2015, named the Debtor LUDWIN R. SANCHEZ, and other parties as defendants.

11. The Defendant/Debtor LUDWIN R. SANCHEZ's debt with respect to the claims of Plaintiff JANE DOE should not be discharged as these claims arise directly from Defendant/Debtor SANCHEZ's conscious and intentional unlawful conduct against the then infant plaintiff.

12. Defendant/Debtor LUDWIN R. SANCHEZ intentionally, willfully, and maliciously injured Plaintiff pursuant to 11 U.S.C. § 523(a)(6) by way of sexual assault, giving rise to nondischargeable debt.

13. JANE DOE, then a 17-year-old high school student, started working as an employee of HOLY BAGEL CAFE in or about May 2013.

14. At all relevant times, JANE DOE worked as a counter clerk at HOLY BAGEL CAFE.

15. Defendant/Debtor SANCHEZ worked at the same location as baker.

16. JANE DOE and Defendant/Debtor SANCHEZ would arrive at the subject premises at or before 5:30 a.m. to open the HOLY BAGEL CAFE.

17. In or about October of 2013, while JANE DOE was at work at the HOLY BAGEL CAFE, Defendant SANCHEZ began to brush up against plaintiff's body with his as he walked passed her, particularly when she was washing dishes.

18. Defendant/Debtor SANCHEZ then escalated his conduct to include unwelcome touching in the form of slapping the infant plaintiff's buttocks and touching her breasts and vaginal area while making sexually inappropriate comments.

19. JANE DOE told Defendant/Debtor SANCHEZ to stop touching her and making inappropriate comments as they were unwelcome.

20. On occasion, plaintiff yelled at Defendant/Debtor SANCHEZ while informing him to stop touching her and making inappropriate comments.

21. Despite express awareness that the conduct was unwelcome, Defendant/Debtor SANCHEZ's sexual touching of the infant plaintiff and inappropriate remarks continued unabated.

22. Defendant/Debtor SANCHEZ's regular and consistent unwelcome and inappropriate remarks included, but were not limited to, "you're so sexy mi amore," "you look hot" and other inappropriate sexual remarks about DOE's clothing, along with repeated invitations to come to his house.

23. In the early morning of February 23, 2014, when the infant plaintiff entered the walk-in freezer in the rear area of the HOLY BAGEL CAFE to retrieve lettuce, Defendant/Debtor SANCHEZ locked JANE DOE in by intentionally closing the door behind her.

24. For several minutes the infant plaintiff was aware and fearful that she was confined to the freezer and unable to escape.

25. After Defendant/Debtor SANCHEZ opened the door, he forced the infant plaintiff up against a cutting table while groping her buttocks, breasts and vaginal area.

26. After struggling to escape from Defendant/Debtor SANCHEZ and returning to the area behind the front counter Defendant/Debtor SANCHEZ came up from behind her and again grabbed her breasts.

27. Defendant/Debtor SANCHEZ's persistent attack caused the infant plaintiff to breakdown in tears and call her sister on the phone in desperation.

28. All of the aforementioned conduct was unwanted, unlawful, intentional, willful and malicious and performed without concern for the health and safety of the infant plaintiff.

29. As a direct result of Defendant/Debtor SANCHEZ's repeated intentional tortious conduct, towards the then infant plaintiff, the plaintiff has been diagnosed by a Board-Certified Psychiatrist with Post-Traumatic Stress Disorder and Depression.

## NEW YORK STATE COMMON LAW BATTERY

30. Defendant/Debtor SANCHEZ forcibly grabbed Plaintiff JANE DOE's breasts, buttocks and vaginal area, and engaged in other acts of offensive touching against Plaintiff against her will.

31. Said forcible touching and grabbing of Plaintiff and other acts of offensive touching was harmful, without consent, and unjustified.

32. Defendant/Debtor SANCHEZ committed the common law tort of battery on the Plaintiff on many occasions between September 1, 2013 and February 23, 2014.

33. Defendant/Debtor SANCHEZ committed the common law tort of battery on the Plaintiff on many occasions between September 1, 2013 and February 23, 2014.

34. That by reason of the aforementioned acts constituting battery, Plaintiff JANE DOE was harmed physically and emotionally.

35. JANE DOE was scared, subjected to physical pain, humiliation, embarrassment, anxiety, and she is still subjected to various ongoing harm.

## NEW YORK STATE COMMON LAW ASSAULT

36. Defendant/Debtor SANCHEZ placed JANE DOE in apprehension of offensive touching against her will.

37. By such conduct, Defendant/Debtor SANCHEZ committed the common law tort of assault on the Plaintiff on repeated occasions between September 1, 2013 and February 23, 2014.

38. That by reason of the aforementioned acts of assault, Plaintiff JANE DOE was harmed.

39. JANE DOE was scared, subjected to humiliation, embarrassment, anxiety, and she is still subjected to various ongoing harm.

## WRONGFUL DETENTION/ FALSE IMPRISONMENT

40. Defendant/Debtor SANCHEZ willfully and intentionally locked and confined JANE DOE within the freezer of the HOLY BAGEL CAFE establishment.

41. JANE DOE was aware that SANCHEZ caused her to become confined to the freezer and unable to escape from the extremely cold freezer.

42. JANE DOE was aware of and fearful upon the discovery that Defendant SANCHEZ had locked and confined her to the interior of the freezer.

43. JANE DOE sustained damages in an amount to be determined at trial.

44. All of the aforementioned conduct upon a then 17 year old high school student was willful and malicious.

45. Consequently, any judgment obtained against Debtor in the Pending Case for intentional, willful, and malicious injury to Plaintiff is nondischargeable debt in the Bankruptcy Case, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Determine that any judgment obtained against Debtor in the Pending Case is nondischargeable debt in the Bankruptcy Case pursuant to 11 U.S.C. § 523(a)(6), and

b) Grant Plaintiff such other and further relief as this case may require and the Court deems just and proper.

Dated: October 1, 2019
New York, New York

Respectfully submitted,

_____
By: Kim H. Ly, Esq. (KL-0277)
CERTAIN & ZILBERG, PLLC
Counsel to Plaintiff *Jane Doe*
488 MADISON AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10022
Tel. 212-687-7800
e-mail: kly@certainlaw.com